## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

CHEZMIN SUTER,

     Plaintiff,

     v.

CAVALIER GOLF & YACHT CLUB,

     Defendant.

Case No. 2:24-cv-431

## OPINION & ORDER

In this workplace discrimination case, Plaintiff Chezmin Suter seeks to recover damages from Defendant Cavalier Golf & Yacht Club, alleging that the Cavalier discriminated against her in violation of her rights under Title VII of the Civil Rights Act of 1964, the Virginia Human Rights Act (VHRA), the Americans with Disabilities Act (ADA), the Virginia Whistleblower Protection Law (VWPL), and the Equal Pay Act (EPA).

After the Court granted in part and denied in part the Cavalier's motion to dismiss, the plaintiff sought to amend her Complaint. The Cavalier moves for summary judgment on all claims that the Court allows the plaintiff to amend. For the reasons stated herein, the plaintiff's Motion for Leave to File Amended Complaint will be **GRANTED IN PART** and **DENIED IN PART**, and the Cavalier's Motion for

Summary Judgment will be **GRANTED IN PART** and otherwise **DENIED AS MOOT**.[1]

## I.    BACKGROUND

### A.    Motion for Leave to File Amended Complaint

The plaintiff, a Black[2] woman,[3] was employed as a server at the Cavalier. ECF No. 1 ¶ 15. Her immediate supervisor, Tasha Byrum, is a White woman. *Id.* ¶ 16. In July 2023, the plaintiff requested an accommodation allowing her to park in designated handicap parking spaces due to foot problems, but Byrum denied the

---

[1] The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing on the motions. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

[2] The plaintiff refers to herself as "Black" in the Complaint, ECF No. 1 ¶ 15, but refers to herself as "African-American" in her opposition to the Motion for Summary Judgment, ECF No. 37 ¶ 1. The Court refers to the plaintiff in the manner consistent with the factual allegations pleaded in the Complaint.

[3] The plaintiff refers to herself both as "female" and as a "woman" at various times in the pleadings and briefing before the Court. *See* ECF No. 1 ¶¶ 15, 73; ECF No. 37 at 2, 8. The plaintiff appears to use these terms interchangeably and even refers to her self-titled "sex discrimination" claim as a "gender discrimination" claim in her opposition to the Motion for Summary Judgment. *See* ECF No. 1 at 7 (titling Count II of the Complaint as "Sex Discrimination"); ECF No. 37 at 8 (claiming the plaintiff has established a case for "Gender Discrimination"). Thus, the plaintiff appears to use "woman" to refer to her sex. Though the Court understands "female" to be an indicator of sex and "woman" to be an indicator of gender, the Court will use "woman" when referring to the plaintiff because the Court relies upon the term to address an argument below. *See infra* note 8.

2

request. *Id.* ¶ 17. The plaintiff reported Byrum's denial of her request to Byrum's superiors. *Id.* ¶ 18.

On October 20, 2023, after the plaintiff notified Byrum's supervisors about the denial, Byrum forbade the plaintiff from using the elevator while performing her work duties, thus forcing her to use the stairs, despite knowing about the plaintiff's foot problems. ECF No. 1 ¶ 20. On December 8, 2023, Byrum disciplined the plaintiff for "receiving tips" while working as a bartender at an event, even though other employees also received tips. *Id.* ¶ 21. And on December 10, 2023, the plaintiff was terminated for "being a 'no call, no show'" despite warning her employer of her absence one week in advance. *Id.* ¶ 26. Though the plaintiff's employment was reinstated, she was never scheduled to work after December 12, 2023. *Id.* ¶¶ 27–28.

The plaintiff was a host, bartender, and server and was paid $16 per hour, while two male employees who worked as servers and bartenders were paid $18 per hour. ECF No. 1 ¶¶ 23–24. The plaintiff reported this pay discrepancy to Byrum's superiors to no avail. *Id.* ¶ 25.

The Cavalier moved to dismiss the original Complaint. ECF No. 5. At the hearing on the motion, the Court dismissed Count II of the Complaint with prejudice and dismissed Counts I and IV–X without prejudice, leaving Count III (VHRA sex discrimination claim) as the only surviving claim. ECF Nos. 27 (hearing minutes), 28 (Order). The Court allowed the plaintiff to request leave to file an amended complaint. ECF No. 28. The plaintiff timely filed the Motion for Leave to File Amended Complaint. ECF No. 30.

### B.    Motion for Summary Judgment

Five days later, the Cavalier filed a motion for summary judgment. ECF No. 31. Due to the timing of its motion, the Cavalier preemptively moves for summary judgment on all claims pleaded in the plaintiff's Proposed Amended Complaint. ECF No. 32 at 1 n. 1.

The following facts are undisputed:[4]

1.    The plaintiff is a Black woman. ECF No. 37 ¶ 1 (Plaintiff's Statement of Undisputed Facts); ECF No. 38 at 3 (Defendant's Reply to Statement of Facts) (not disputing this fact).

2.    The plaintiff "was an employee of [the Cavalier] from approximately November 2022 to December 2023." ECF No. 37 ¶ 2; *see* ECF No. 38 at 3 (not disputing this fact).

3.    "Natasha Byrum was [the plaintiff's] immediate supervisor at all times relevant to [the plaintiff's] [C]omplaint." ECF No. 37 ¶ 3; ECF No. 32-2 at 1; *see* ECF No. 38 at 3 (not disputing this fact).

---

[4] For the sake of brevity, the Court includes only facts that are necessary to resolve the motion on the grounds discussed in Part III.B.

Fed. R. Civ. P. 56(c)(1) requires facts to be supported by evidence. When a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Here, the plaintiff presents no evidence. Therefore, unless otherwise indicated, the Court considers the following facts as undisputed under Fed. R. Civ. P. 56(e).

4.      The plaintiff "often served as a bartender, serving as the only [Black] [woman] bartender at all times relevant to her [C]omplaint." ECF No. 37 ¶ 4; *see* ECF No. 38 at 3 (not disputing this fact).

5.      "As a result of [the plaintiff]'s bunions, which caused her pain while walking, [the plaintiff] was given a placard that allowed her to park[] in parking designated for [disabled] persons." ECF No. 37 ¶ 5; ECF No. 32-3 at 18–19; *see* ECF No. 38 at 3 (not disputing this fact). "Despite this fact, [] Byrum would not allow [the plaintiff] to park in [accessible] parking at the Cavalier . . . facility in which she worked." ECF No. 37 ¶ 6; ECF No. 32-3 at 21; *see* ECF No. 38 at 3 (not disputing this fact).

6.      "[The plaintiff] reported the fact that Byrum had denied her permission to park in the [accessible] parking spaces at the club to Joe Andrew. In response, Byrum's denial was affirmed, and [the plaintiff] was directed to park in the marina parking." ECF No. 37 ¶ 7; ECF No. 32-3 at 21; *see* ECF No. 38 at 3 (not disputing this fact).

7.      "In October 2023, Byrum chastised [the plaintiff] for using the elevator in the performance of her work duties, even though Byrum knew of [the plaintiff]'s foot problems." ECF No. 37 ¶ 8; *see* ECF No. 38 at 4 (not disputing this fact).

8.      "In December 2022, [the plaintiff] was written up for displaying a tip jar while working at a club event." ECF No. 37 ¶ 12; ECF No. 32-3 at 29; *see* ECF No. 38 at 5 (not disputing this fact).

9.    "Thereafter, despite having called out a week earlier, [the plaintiff] was terminated for not attending work on December 10, 2023. [The plaintiff] complained to Keith Harris and Byrum about the termination, and she was reinstated." ECF No. 37 ¶ 14; ECF No. 32-2 ¶ 31; ECF No. 32-3 at 45; *see* ECF No. 38 at 5 (not disputing this fact).

10.    "[A]fter late December 2023, Byrum never placed [the] [p]laintiff back on the schedule." ECF No. 37 ¶ 15; ECF No. 32-3 at 50; *see* ECF No. 38 at 5 (not disputing this fact).

## II.    LEGAL STANDARDS

### A.    Motion for Leave to File Amended Complaint

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of the court or by written consent of the adverse party and that "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and quotation marks omitted). A proposed amendment is futile if the new claim would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019).

### B.    Motion for Summary Judgment

A court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co. of N. Carolina v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citation omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To do that, the movant must support their assertions as to undisputed facts by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute[] or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

If the moving party is successful in the first instance, then the burden "shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial." *Gnik*, 93 F.4th at 200 (quotation marks omitted); *see Celotex*, 477 U.S. at 324. "The facts and all justifiable inferences arising therefrom must be viewed in the light most favorable to the non-movant." *Gnik*, 93 F.4th at 200. In deciding a motion for summary judgment, the court is not required to consider any materials in the record outside what the parties include with their briefing. Fed. R. Civ. P. 56(c)(3).

## III.    ANALYSIS

### A.    Motion for Leave to File Amended Complaint

#### i.    Count I: Title VII Sex Discrimination Retaliation

The plaintiff alleges a retaliation claim based on her complaint to higher-ups at the Cavalier that she was paid less than her male counterparts. ECF No. 30-1 ¶¶ 37–40. But at the hearing on the motion to dismiss, the Court found that "the plaintiff did not exhaust her administrative remedies with respect to the sex discrimination claim" and dismissed the claim without prejudice. ECF No. 29 at 38 (hearing transcript). The Proposed Amended Complaint provides no new information that would allow the Court to infer that the plaintiff has now exhausted her administrative remedies. Because the Proposed Amended Complaint fails to plead sufficient facts to demonstrate that the plaintiff has exhausted her administrative remedies, amending the Complaint as to the Title VII sex discrimination retaliation claim would be futile.

#### ii.    Count II: VHRA Sex Discrimination

Count II of the Proposed Amended Complaint is nearly identical to Count III of the original Complaint. *Compare* ECF No. 30-1 ¶¶ 42–51 *with* ECF No. 1 ¶¶ 49–57. But the Proposed Amended Complaint makes one substantive addition to support its VHRA sex discrimination claim: It adds the allegation that "[a]t all times relevant to this Complaint, [the] [p]laintiff performed her job duties in a satisfactory manner[] and even exceeded [the Cavalier's] expectations." ECF No. 30-1 ¶ 45.

At the motion-to-dismiss stage, the Court determined that the VHRA sex discrimination claim survives under Fed. R. Civ. P. 12(b)(6). ECF No. 29 at 37. The additional allegation in the Proposed Amended Complaint does not change that, so Count II in the Proposed Amended Complaint is not futile.

### iii. Count III: ADA Discrimination

To plead an ADA discrimination claim, a plaintiff must first plausibly allege that they are a qualified individual with a disability. *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012). A qualified individual is one who can perform the essential functions of the position with or without reasonable accommodation. 42 U.S.C. § 12111(8). The Court dismissed the ADA discrimination claim in the original Complaint because the plaintiff did not "allege she could perform the essential functions of her position at the Cavalier," meaning that the plaintiff did not allege that she was a qualified individual within the meaning of the ADA. ECF No. 29 at 31. The plaintiff conceded the insufficiency of the Complaint in this regard at the hearing on the motion to dismiss. *Id.*

The Proposed Amended Complaint alleges that the plaintiff "perform[ed] her job duties in an at least satisfactory manner, meeting all legitimate expectations of Defendant." ECF No. 30-1 ¶ 20. But conclusory allegations of this nature are insufficient to remedy the operative Complaint's defects.[5] Had the proposed pleading

---

[5] *See, e.g.*, *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014) (concluding that an allegation that the plaintiff was "capable of performing the essential functions of his job with a reasonable accommodation" was "merely a legal conclusion that is couched as an allegation of fact"); *Kelly v. Town of Abingdon*, 437 F. Supp. 3d 517, 526 (W.D. Va. 2020), *aff'd sub nom. Kelly v. Town of Abingdon*,

contained facts that speak to the plaintiff's abilities to perform her job duties—such as her ability to move on foot, use her arms and hands to make drinks or clear tables, etc.—then the claim might have survived Rule 12(b)(6) scrutiny. But the Proposed Amended Complaint fails to plead specific facts to show that the plaintiff can perform the essential functions of the position with or without reasonable accommodation, so it does not plausibly allege she is a qualified individual under the ADA. Therefore, it would be futile to allow the plaintiff to amend the Complaint as to her ADA discrimination claim.

### iv. Counts IV, VII, and VIII: Retaliation Claims under the ADA, Virginia Whistleblower Act, and VHRA

To plead an ADA retaliation claim, a plaintiff must show a causal relationship between the protected activity and the adverse action. *Reynolds*, 701 F.3d at 154. The Court dismissed the plaintiff's original ADA retaliation claim because the Complaint did not "allege [] Byrum ever knew about the plaintiff's protected conduct," so the plaintiff did not "plausibly allege the causation element of an ADA retaliation claim." ECF No. 29 at 33.

---

*Virginia*, 90 F.4th 158 (4th Cir. 2024) (dismissing an ADA discrimination claim where the plaintiff "merely recit[ed] [the] legal element without providing any details about the essential functions of his position, how his disabilities affected his ability to perform those essential functions, or how reasonable accommodations might have helped him to perform those functions"); *cf. Ford v. Gates, Hudson & Assocs., Inc.*, No. 1:21-cv-1217, 2022 WL 2959709, at *5 (E.D. Va. July 25, 2022) (the plaintiff sufficiently pleaded that they could perform the essential functions of their employment because they alleged that (1) they "continued to work in the same manner as before [they] made" suggestions regarding accommodations, (2) they "received positive feedback from supervisors regarding the quality of their work," and (3) they "completed their assignments before anyone else on their team").

The Proposed Amended Complaint alleges the following:

> On that same day, during the employees' usual lunch break, in the open forum in which employees gathered to eat, in the presence of many other employees, [the] [p]laintiff complained to [] Byrum's superior, Joe Andrew, that [] Byrum had denied her a reasonable accommodation. Joe Andrew affirmed the denial. Because of the public nature of [p]laintiff's complaint regarding [] Byrum's denial of a reasonable accommodation, [the] [p]laintiff alleges that [] Byrum became aware of said complaint.

ECF No. 30-1 ¶¶ 18–19. In essence, the plaintiff attempts to plead Byrum's knowledge by alleging that she heard about the plaintiff's complaint to Joe Andrew through the grapevine. And while the Court must make every *reasonable* inference in the plaintiff's favor, it would not be reasonable for the Court to speculate that Byrum heard about the plaintiff's complaint merely because she made that complaint in a public and populated space. At the very least, such an inference would require the Court to assume that an employee who was nearby when the plaintiff spoke to Andrew (1) heard what the plaintiff said and (2) told someone else—but the Proposed Amended Complaint alleges neither of those facts. A well-pleaded allegation of a well-known rumor mill at the workplace might even be sufficient for this claim to survive Rule 12(b)(6) scrutiny, but the Proposed Amended Complaint makes no such allegation. Instead, the plaintiff seems to hope the Court will infer that Byrum knew about the plaintiff's protected conduct on the basis of an assumption that the Court declined to make at the hearing on the motion to dismiss—"that employees always learn when their conduct is reported to their superiors." ECF No. 29 at 33. The Court cannot do that. It finds that that proposed amendment to Count IV would be futile.

The plaintiff's proposed retaliation claims under the Virginia Whistleblower Act (Count VII) and the VHRA (Count VIII) fail for the same reason. To make out a *prima facie* claim under either statute, a plaintiff must demonstrate "the employee's protected conduct was the 'but for' cause of the discriminatory treatment of the employee." *Moore v. Copper River Shared Servs., LLC*, 113 Va. Cir. 47, *7 (2024) ; *see id.* at *9 (concluding "that the VWPL's use of 'because' . . . mirrors the retaliation analysis under [the VHRA] and requires a plaintiff allege facts that demonstrate . . . [their] report was the 'but for' cause of [their] discharge").[6]

### v.    *Count V: Title VII Race Discrimination*

To state a Title VII discrimination claim, a plaintiff must plausibly allege that she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action. *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). At the hearing on the motion to dismiss, the Court dismissed the plaintiff's Title VII race discrimination claim because the Complaint was "entirely devoid of facts that would enable the Court to reasonably infer the plaintiff was performing her job duties up to that standard." ECF No. 29 at 30.

---

[6] At the hearing on the motion to dismiss, the Court dismissed the plaintiff's retaliation claims in part because "the plaintiff [did] not allege[] a nexus between the protected activity in July and the adverse employment action in December." ECF No. 29 at 32. The Cavalier argues that the Proposed Amended Complaint insufficiently remedies the Complaint's failure to allege this nexus. ECF No. 33 at 21. Though the Court questions whether the nexus as alleged here is any more sufficient, it declines to address this argument because the retaliation claims fail to sufficiently plead but-for causation.

In the Proposed Amended Complaint—to cure the original Complaint's defects—the plaintiff adds the allegation that "[a]t all times relevant to this Complaint, [the] [p]laintiff was performing her job duties in a satisfactory manner[] and even exceeding the expectations of [the Cavalier], with respect to her position(s)." ECF No. 30-1 ¶ 69. As discussed above, this kind of conclusory allegation is insufficient. *See supra* note 5.

The plaintiff also alleges that "[s]he also took on additional duties as a host." ECF No. 30-1 ¶ 69. But the Court cannot reasonably infer from that fact that the plaintiff was meeting the Cavalier's legitimate performance expectations, since— absent any specifics about the circumstances of her taking on more work—it is equally likely she started doing more because she had been *failing* to meet her employer's reasonable expectations.

Rather than alleging specific facts to show that the plaintiff was satisfactorily performing her job duties or exceeding expectations, the Proposed Amended Complaint offers conclusory allegations that, despite the Court's warning, appear to merely recite an element of a discrimination claim that the Court provided at the hearing on the motion to dismiss. *See* ECF No. 29 at 38 ("[T]he Court cautions counsel the allegations that merely recite the elements of the claims or parrot the Court's language regarding the elements that are missing will not be sufficient."). For this reason, the proposed version of Count V would fail to state a claim for race discrimination under Title VII.

13

### vi.    Count VI: Race Discrimination under the VHRA

"Under the plain language of the VHRA, a claim of wrongful discrimination arising under [Va.] Code § 2.2-3905(B)(1)(a) requires a plaintiff only to demonstrate that they possess one of the enumerated personal characteristics and that the employer used this protected personal characteristic as a 'motivating factor' to harm the plaintiff, even if other lawful factors also motivated the conduct." *Moore*, 113 Va. Cir. 47 at *4.[7]

---

[7] Courts in this District and in the Western District of Virginia have often analyzed Title VII and VHRA claims together "[b]ecause Title VII and the VHRA use substantially identical language." *Cox v. Red Hat, Inc.*, No. 1:23-cv-766, 2025 WL 889888, at *12 (E.D. Va. Mar. 21, 2025); *see also McCarty v. City of Alexandria*, No. 1:24-cv-600, 2024 WL 5081956, at *4 (E.D. Va. Dec. 11, 2024); *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, 394 n.4 (W.D. Va. 2023); *Rose-Stanley v. Virginia*, No. 2:15-cv-7, 2015 WL 6756910, at *4 (W.D. Va. Nov. 5, 2015) (concluding that, because the plaintiff "ha[d] not stated any viable claim under federal law, she [could not] claim an unlawful discriminatory practice under the VHRA"). Thus, courts have required plaintiffs seeking relief under both Title VII and the VHRA to plead the elements of a Title VII discrimination claim in order to plead both causes of action. *E.g.*, *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, 396 n.8 (W.D. Va. 2023).

The Court does not believe that approach is consistent with the law in the Fourth Circuit. The Fourth Circuit instructs district courts to "'respond conservatively when asked to discern governing principles of state law' and take care to avoid interpreting that law in a manner that 'has not been approved' by the [Virginia Supreme Court]." *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (quoting *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 96 (4th Cir. 2011)). Therefore, this Court joins a growing number of courts in this District and its sister District to the west who look to Virginia state law—not primarily to common practice in federal courts—to determine the elements a plaintiff must plead to state a claim for race discrimination under the VHRA. *See Chamberlain-Loving v. Renal Treatment Centers-Mid-Atl., Inc.*, No. 2:25-cv-24, 2025 WL 1646589, at *5 (E.D. Va. June 9, 2025) (Davis, J.) (adopting the standard in *Moore*); *Edmonds v. McDonald's USA, LLC*, No. 7:24-cv-308, 2025 WL 1066193, at *6 (W.D. Va. Apr. 9, 2025) (same); *Workman v. LHC Grp., Inc.*, No. 1:23-cv-48, 2024 WL 3572305, at *3 (W.D. Va. July 29, 2024) (same); *see also Porter v. Blue Ridge Bankshares, Inc.*, No. 3:24-cv-909, 2025 WL 2025356, at *3 (E.D. Va.

The Proposed Amended Complaint alleges that the plaintiff "is a Black [woman] who was hired by [the Cavalier] in approximately November of 2022 to work as a server." ECF No. 30-1 ¶ 15. Thus, the plaintiff sufficiently pleads that she "possess[es] one of the enumerated personal characteristics" in the VHRA. *See* Va. Code § 2.2-3905(B)(1)(a) (listing "race" as a protected characteristic); *see Moore*, 113 Va. Cir. at *4. Additionally, the Proposed Amended Complaint alleges that "White employees . . . were allowed to use the elevator while performing their job duties" and they were not "spoken to in the manner in which [] Byrum spoke to [the] plaintiff." ECF No. 30-1 ¶ 21. Though more facts could certainly be alleged to support the plaintiff's race discrimination claim, this allegation is sufficient to make it plausible that the plaintiff was "terminated and otherwise disciplined . . . for engaging in the same alleged behavior in which non-Black individuals engaged" on account of her race. *Id.* ¶ 77. In other words, it is plausible the plaintiff's race was a "motivating factor" in the harm the plaintiff faced. *Moore*, 113 Va. Cir. 47 at *4. Accordingly,

---

July 18, 2025) (Hudson, J.) (citing *Moore* and *Workman*); *Blake v. Frederick Cnty. Fire & Rescue Dep't*, No. 5:24-cv-68, 2025 WL 906794, at *9 (W.D. Va. Mar. 25, 2025) (same); *Pryor v. Gotham Greens Butterhead, LLC*, No. 3:24-cv-78, 2025 WL 1171593, at *3 (W.D. Va. Apr. 22, 2025) (same); *Ellston v. LeHew*, No. 5:24-cv-45, 2025 WL 952259, at *6 (W.D. Va. Mar. 28, 2025) (same).

When deciding questions of state law, federal courts "must utilize case law from [a] [s]tate's appellate courts to predict how the [state supreme court] would rule on that issue." *Knibbs*, 30 F.4th at 213 (quotation marks omitted). In the absence of case law from Virginia appellate courts on the required elements of a VHRA discrimination claim, the Court relies upon *Moore v. Copper River Shared Servs., LLC*, 113 Va. Cir. 47 (2024)—a Virginia Circuit Court decision—to "predict" how the Virginia Supreme Court would rule on the issue. *See id.*

amending the Complaint would not be futile, and the plaintiff's race discrimination claim under the VHRA will be allowed to proceed.

### ix.    Count IX: Violation of the Equal Pay Act (EPA)

At the hearing on the motion to dismiss, the Court dismissed the plaintiff's EPA claim on the grounds that the Complaint failed to allege sufficient facts to show that the conditions of the plaintiff's employment were similar to the plaintiff's male counterparts. ECF No. 29 at 36. "For example, [the Complaint did] not say they had similar experience, they worked similar hours, or they had all worked at the Cavalier the same length of time." *Id.* In particular, the Court noted that the Complaint did not contain "information about the substance of [the] roles" pleaded in the Complaint. *Id.*

The Proposed Amended Complaint fails to add sufficient factual allegations to cure the Complaint's pleading deficiency. The only new substantive allegation in the Proposed Amended Complaint is that "[the plaintiff's] primary work was as a bartender." ECF No. 30-1 ¶ 24. But this does not demonstrate similarities in between the plaintiff's employment conditions and the employment conditions of her male counterparts. *See* ECF No. 29 at 36. Accordingly, the proposed amendment to Count IX would be futile.

### B.    The Cavalier's Motion for Summary Judgment

The only claims that would survive Fed. R. Civ. P. 12(b)(6) scrutiny are for sex and race discrimination under the VHRA (Counts II and VI). Both require a plaintiff to demonstrate that (1) "they possess an enumerated protected characteristic," (2) the

employer engaged in an unlawful discriminatory practice,[8] and (3) "the employer used the protected trait as a 'motivating' factor for the action taken against the employee." *Moore*, 113 Va. Cir. at *6–7. Both claims fail at summary judgment because the plaintiff submits no evidence from which a reasonable jury could determine that race or sex was a motivating factor behind her termination or other adverse actions taken against her.

The Cavalier presents evidence that the plaintiff was disciplined because she impermissibly kept her tip jar in view, after Byrum had "similarly corrected other banquet bartenders." ECF No. 32-2 at 7; ECF No. 32-5 at 2. And that keeping a tip jar in view violates the Cavalier's employment policies and is cause for immediate adverse action. ECF No. 32-2 at 179 ("A tip cup is NEVER to be put out for an event, function, or bar. You can NEVER ask a Member or Guest for a tip. Doing either of these is grounds for immediate dismissal of employment at the Cavalier Golf and

---

[8] It is unlawful for an employer to 'classif[y] employees . . . in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee because of such individual's race, . . . or sex." Va. Code § 2.2-3905(B)(1)(b).

Yacht Club.").[9] The plaintiff responds with no evidence whatsoever.[10] *See generally* ECF No. 37.

Instead, the plaintiff relies upon allegations in the Complaint to argue that "she was the only bartender who received discipline for receiving tips." ECF No. 37 at 8. Because the plaintiff submitted no *evidence* in support of her opposition to the Motion for Summary Judgment, she fails to place in dispute the Cavalier's explanation for the adverse employment action it took against her, so no reasonable jury could find in the plaintiff's favor on the third element of her VHRA claims. Accordingly, the Cavalier is entitled to summary judgment on Counts II and VI.

## IV. CONCLUSION

For the reasons stated in Part III.A, the plaintiff's Motion for Leave to File Amended Complaint (ECF No. 30) is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** as to Counts II and VI, and the motion is **DENIED** as to Counts I, III, IV, V, VII, VIII, and IX.

---

[9] The Cavalier asserts that "[the p]laintiff cannot ignore the fact that Byrum herself is a woman"—presumably to suggest that Byrum could not discriminate against another woman. ECF No. 32 at 24. But Byrum's sex or gender does not eliminate the possibility that she discriminated against the plaintiff on the basis of the plaintiff's sex or gender. The plaintiff's claim fails because of a lack of evidence of a causal connection between the plaintiff's sex and the adverse action(s) taken against her, not because Byrum is also a woman.

[10] The Court noted above that it considers certain facts as undisputed for the purposes of the defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56(e), despite no evidence to support those facts. *Supra* note 4. The Court does so because the parties agree, in their briefing on the Motion for Summary Judgment, that those facts are undisputed. *See* ECF Nos. 32 at 3–12, 37 at 1–3, 38 at 2–6. The facts that the plaintiff would need to survive summary judgment here, however, lie outside the list of undisputed facts agreed upon by the parties. Therefore, the Court does not apply Fed. R. Civ. P. 56(e) to facts the parties do not agree are undisputed.

The Clerk's Office is **DIRECTED** to file the plaintiff's Proposed Amended Complaint (ECF No. 30-1) on the docket as the "Amended Complaint" in this action.

The Cavalier's Motion for Summary Judgment (ECF No. 31) is **GRANTED IN PART and DENIED IN PART AS MOOT**. The motion is **GRANTED** as to Counts II and VI of the Amended Complaint and **DENIED AS MOOT** as to Counts I, III, IV, V, VII, VIII, and IX of the Amended Complaint.

The Clerk's Office is **FURTHER DIRECTED** to enter judgment in favor of the Defendant.

**IT IS SO ORDERED.**

_____ /s/ _____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 12, 2025

19